The City of Racine vs. The J. I. Case Plow Co.

THE CITY OF RACINE vs. THE J. I. CASE PLOW COMPANY.

*December 16, 1882 — January 9, 1883.*

EVIDENCE *of location of streets, etc., according to plat.*

In ascertaining the true location of the streets, lots, and blocks in a city, according to the plat and survey thereof, regard is to be had (1) to the natural monuments referred to therein, and (2) to the artificial monuments placed by the surveyor to mark lines or boundaries, before resorting to the courses and distances marked on the plat or survey. If no monuments are mentioned or in existence, evidence of long-continued occupation, though beyond the given distances, is admissible. If the description is ambiguous or doubtful, parol evidence of the practical construction given by the parties by acts of occupation, or recognition of monuments or boundaries, is admissible.

APPEAL from the Circuit Court for *Racine* County.

The facts sufficiently appear from the opinion. The circuit court found that the defendants had not encroached upon the street as designated on the plat. The plaintiff appealed from a judgment dismissing the complaint.

For the appellant there was a brief by *Winslow & Brown-son* and *Fish & Dodge,* and oral argument by *Mr. Winslow* and *Mr. Fish.*

For the respondent there was a brief by *H. A. Cooper,* as attorney, and *Henry T. Fuller* and *Jenkins, Elliott & Wink-ler,* of counsel, and oral argument by *Mr. Winkler.*

ORTON, J. The complaint is for an injunction to restrain the defendant company from encroaching upon Water street, in Harbor addition to the village (now city) of *Racine,* by constructing buildings upon block fifteen projecting into said street, and for the removal and abatement of any such projections already constructed within such street, and for the establishment of said street according to the survey and plat of said addition, and as marked thereon. The answer denies the encroachment, and raises the only question in the case, and that is, What is the true location of Water street according to the plat and survey? By the courses and distances appearing on the plat and survey, there appeared to be no encroachment, and that the north side of the street was far south of the constructions complained of. These courses and distances, if relied on in determining the true lines and boundaries of the streets, blocks, and lots in this addition, will very materially change all the north and south lines of all of the streets, blocks, and lots from those which have been generally and uniformly recognized and acquiesced in, and according to which they have been occupied and used, and to which the buildings and improvements on the lots, and contiguous to the streets, have been adjusted for over thirty years after the same was platted, and would cast all the lines into confusion, and create conflict and litigation in respect to the whole plat; and this would probably be the result, in at least a majority of cities and villages, by adhering to such a criterion in determining the location of their streets and lots. The original plats, maps, and surveys

of western cities and villages, in respect to figures of measurement, and courses and distances marked thereon, in a large majority of cases have been found notably imperfect, incorrect, and unreliable.

The early settlers, who first buy and build upon the lots, do not attempt to ascertain their lines by a computation of measurements of all the other lots and blocks by the figures on the plat, or stated in the certificate of survey, or the courses and distances marked thereon, or by a resurvey from the starting point of the first one. But they consult the stakes, and other monuments and land-marks, either natural or artificial, fixed and placed at the time of the original survey, if any, and such is generally the case, and such is the method adopted by those who buy and build afterwards, if such land-marks still exist; and afterwards, and after such monuments or landmarks have been destroyed or removed, such lines are ascertained by constructions of a permanent character which were built according to such original monuments, and finally, as time goes on, long usage, prescription, antiquity, and reputation may be the only means of determining the true lines and boundaries, and these methods in this order are to be preferred to courses and distances and figures marked on the original plat and survey, as the higher degrees of evidence. At almost any time in the course of municipal history, to rely upon the figures, courses, and distances of the original plat and survey, or upon a resurvey upon the *data* thereof, would be utterly subversive of the rights of real property, and of public and private interests. So far as the figures, courses, and distances on the plat and certificate of survey of this addition is concerned, it is candidly admitted by the learned counsel of the respondent that the 304 feet mentioned in such certificate as the north and south extension of the block directly south of and contiguous to the Water street in question is obviously a mistake, and does not agree by some ninety-five feet with the figures designating the width of the lots in

said block, and it is argued that it is a mistake because they do not agree. This shows the utter unreliability of such figures, courses, and distances marked on the plat and survey, for who can say what figures shall be taken as correct when they do not agree. And yet the circuit court predicated its findings for the defendant in this case upon such evidence alone.

But, without further argument, the rules of evidence in such cases have become so cardinal and elementary that the citation of many authorities in which they are recognized and repeated, is not necessary. "The principle on which these rules are founded is that effect should be given to those things about which men are least liable to make a mistake." *Davis v. Rainsford*, 17 Mass., 210; *McIver v. Walker*, 9 Cranch, 178; 1 Greenl. on Ev., § 301, and note. These rules are founded upon that principle, and are ranked in degree as follows: *First*, the highest regard is had to natural boundaries; *second*, the lines actually run and corners actually marked on the ground at the time of the making of the plat and survey; *third*, the lines and courses of an adjoining lot or block, if called for or ascertained; and, *fourth*, the courses and distances marked on the plat or survey. See above note. There is yet another criterion not mentioned in the note, which is to be preferred to courses and distances. If no monuments are mentioned or in existence, evidence of long-continued occupation, though beyond the given distances, is admissible. *Owen v. Bartholomew*, 9 Pick., 520. And yet another. If the description is ambiguous or doubtful, parol evidence of the practical construction given by the parties by acts of occupation, *recognition of monuments* or boundaries, is admissible. *Stone v. Clark*, 1 Met., 378. These rules in respect to the comparative weight to be given to evidence in such cases, especially as between monuments, natural or artificial, designated or fixed at the time of the survey, and courses and distances marked on the plat or survey, have

been frequently recognized by this court. *Vroman v. Dewey,* 23 Wis., 530; *Marsh v. Mitchell,* 25 Wis., 706; *Fleischfresser v. Schmidt,* 41 Wis., 223; *Nys v. Biemeret,* 44 Wis., 104; *Lampe v. Kennedy,* 49 Wis., 602; *S. C., ante,* p. 249.

The testimony was overwhelming that at the time the plat and survey of this addition were made stakes were placed along both sides of Water street, between this block fifteen and block fourteen, south of it, to designate these lines, and that soon thereafter fences were built according to these stakes on both of these lines, and remained there over thirty years. In building the fence along the south line of block fifteen, posts were set in the exact place of the stakes at each corner, and this fence was built within a few inches north of two trees which are still standing, and a natural sidewalk was left along the fence towards the street and a ditch dug outside of that, and such ditch remained until the defendant purchased block fifteen in 1877. It was further shown that on the southeast corner of block seventeen, west of block fifteen, and across a street, there was also placed a stake at the line of the survey on the exact line of the stakes above mentioned, and that afterwards a shanty was built on that corner according to such stake, which still remains; and that there were other buildings constructed on the line of these stakes, which still remain. Nearly all of these material facts were proved by the testimony of witnesses who were personally cognizant of the original survey, and two of them respectively first owned blocks fourteen and fifteen, and continued to own them until quite recently, and their testimony was abundantly corroborated by other witnesses.

According to the south line of block fifteen and the north line of Water street, established by this evidence, the defendant company had encroached and threatened to encroach upon said street with its buildings about seven and one half feet. All the testimony in relation to these stakes, fences, buildings, and other monuments along these lines was first

admitted under objection, and afterwards ruled out by the court. It is claimed, however, by the learned counsel of the respondent, that all of this evidence was not ruled out, but only that relating to the fences, and not that relating to the stakes or other monuments set at the time of the survey. But we think it is clear that the court finally rejected all of it, or that which was admitted under objection. It would have been idle to admit that in relation to the stakes without also admitting evidence where the stakes were placed. But if the circuit court rejected any of it, as is admitted, it was clearly error, and it was equally erroneous to find where the line of Water street was in utter disregard of this evidence. It is claimed also, by the learned counsel of the respondent, that all of this evidence was outside of the case as made by the pleadings, and irrelevant, as the complaint avers the location of Water street and the encroachment thereon, according to the recorded plat. The plaintiff is therefore bound by the figures, courses, and distances appearing thereon, and the certificate of survey, and it may be that the court adopted the same view in rejecting and disregarding such evidence, and in predicating its findings upon what were deemed the courses and distances marked upon the plat and survey.

This position is, certainly, very critical, if not captious. By the rules of evidence above referred to the only proper way of ascertaining the true location of the streets, lots, and blocks, according to the plat and survey, is to consult — *First*, the natural monuments referred to therein; and, *secondly*, the artificial monuments placed by the surveyor to mark the lines or boundaries thereof, before resorting to the uncertain courses and distances on the plat and survey. In any case the lines are determined according to the plat and survey, and as much in one case as another. The recorded plat and survey must be resorted to in order to show the existence of the street or block as such. There is no

exception taken or objection made to the plat and survey, and they are both, probably, correct, and the monuments are only resorted to in order to establish the lines and corners according to the same. The courses and distances marked thereon may be, and in this case they are, incorrect, and therefore will not and do not establish the lines and corners according to the plat and survey. The only difference in the two methods is that the monuments are the more certain one, and better evidence to ascertain the same fact rather than the courses and distances, and that fact is where Water street really is according to the plat and survey. In our opinion the plaintiff conclusively proved the encroachment complained of, and should have had judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded, with direction to render judgment according to the prayer of the complaint.