DASKAM, Respondent, vs. BEEMER, Appellant.

*September 5 — September 22, 1885.*

| 64 | 13 |
| 88 | 427 |

APPEAL TO S. C. *(1) Question of fact: Bill of exceptions.*
BOUNDARIES. *(2) Location of quarter-section corner: Evidence.*

1. A finding of fact upon a question depending upon the weight of evidence will not be disturbed where the bill of exceptions does not appear to contain all the evidence.
2. A party who claims that a quarter-section corner is not a lost corner, but was originally located at a certain place at some distance from where it ought to be, must not only produce evidence tending to show that it was so located, but must establish that fact by a preponderance of the evidence; and if the distance from the proper place is great the evidence should be very clear.

APPEAL from the Circuit Court for *Langlade* County.

The case is stated in the opinion.

For the appellant the cause was submitted on the brief of *Jno. E. Martin.*

For the respondent there was a brief by *Thomas Lynch,* attorney, and *Gabe Bouck,* of counsel, and oral argument by *Mr. Bouck.*

TAYLOR, J. This is an action of ejectment, and the contest in the case depends upon the location of the quarter-section post in the north line of section 20, in township No. 31 N., of range 11 E. The plaintiff claims to own the N. W. ¼ of said section 20. The defendant claims to own the W. ½ of N. E. ¼ of same section. On the trial the plaintiff established his title to the N. W. ¼ of said section, and the defendant his title to the W. ½ of the N. E. ¼.

On the part of the plaintiff it was contended that the quarter post in the north line of section 20 could not be found, and therefore claimed to have the said quarter post established as a lost corner, and by so establishing it there is no doubt but that the plaintiff is entitled to recover the

possession of the land claimed by him. On the part of the defendant it is claimed that the original quarter-section corner in the north line of said section was a known and well-identified corner, and therefore such original corner must be taken as the true corner, notwithstanding it is not at the place called for by the courses and distances in the record of the original survey; and that, treating the corner claimed to have been proved to be the original corner by the defendant, as the original corner established by such survey, the defendant owns the land in controversy, and the judgment should have been in his favor.

The action was tried by the court without a jury. The court found in favor of the plaintiff. Exceptions were taken to the findings of fact and conclusions of law by the defendant. The only question in the case is whether the findings of fact are supported by the evidence. The effect of the findings of the court was that the proofs failed to show that the original quarter-section corner was established by the original survey at the place claimed by the defendant; that such corner must be treated as a lost corner, and the division of the section be made by establishing a quarter corner in the manner prescribed by law. So established, the land in controversy would be a part of the N. W. ¼ of said section 20, and the plaintiff's land.

The question being one which depends upon the weight of evidence, and it not appearing that the bill of exceptions contains all the evidence given on the trial in the court below, this court is unable to determine the question whether the evidence given on the trial did or did not sustain the finding. As it is the appellant's duty to show affirmatively that the court erred in its findings, he must fail, because this court has not before it the means of intelligently determining the question presented to it.

The learned counsel for the appellant in his brief contends that "if there is any evidence tending to show that

the government surveyors located the quarter post at the point where he claims it to have been located, on the north line of section 20, the post must remain as located, notwithstanding the fact that it is a considerable distance from the center of the line." If this is a proper statement of the rule of law, then the bill of exceptions, although imperfect, might be sufficient, as it is clear that it does contain some evidence tending to show that the quarter post was located by the original survey as claimed by the defendant.

The learned counsel has not stated the rule of law correctly. The question in the case is not whether there is evidence tending to show that the quarter post claimed by the defendant is the true one placed by the original survey, but whether the evidence establishes the fact that the quarter post claimed by the defendant is the one established by the original survey; and that fact we cannot determine without a consideration of all the evidence given on the trial. We can do nothing, therefore, but affirm the judgment. It might not be out of place, however, to suggest that when it is sought to establish the existence of an original quarter post at a point so far from the point where it ought to have been placed by the government surveyors, the evidence ought to be very clear and certain. The fact that the claimed original quarter post is nearly fifty rods west and fourteen rods south of the place where it ought to be, is in itself strong evidence tending to disprove the validity of the claim, and such a corner should not be established except upon very clear proofs.

*By the Court.*— The judgment of the circuit court is affirmed.