Fuller vs. Worth.

FULLER, Appellant, vs. WORTH, Respondent.

*October 26 — November 8, 1895.*

*Boundaries: Evidence: Field notes of survey: Fences: Adverse possession: Presumptions: Instructions to jury.*

1. Field notes of a survey other than a government survey, with nothing more, are mere hearsay.
2. The question being as to the true line between farms, evidence that the fence between them was in line with fences on adjoining farms was immaterial.
3. The mere fact that the grantee of land occupied up to a fence beyond the true boundary of the land is insufficient to show adverse possession by him of the strip between the true line and said fence, since it will be presumed that he entered under his deed, claiming

Fuller vs. Worth.

only the title and possession which that gave him, and his claim cannot be enlarged, after entry, unless by acts equivalent to a new entry and a new claim of possession.

4. In an action involving the question of adverse possession of land lying between a division fence and the true line between farms, a refusal to give instructions as to the burden of proof, the presumptions in the absence of proof, and the character and amount of evidence necessary to overcome such presumptions, and the giving of a charge inapplicable to the facts, are *held* error.

APPEAL from a judgment of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Reversed.*

The action is ejectment. The controversy is over boundary lines between adjoining owners. A fence was built between the two possessions, apparently as a partition fence, as long ago as 1858, and has been maintained since by the adjacent owners in proportion to their respective shares. The plaintiff obtained title to his tract in 1878. The defendant obtained title to his in 1873. Each has occupied up to the fence since the date of their respective conveyances. Now the plaintiff claims that the fence is not upon the true line but is on his side of it. The defendant maintains that the fence is upon the true line; but that, if it is not on the true line, still he is entitled to hold up to the fence, by reason of having held it for more than twenty years by adverse possession. These were the questions tried by the trial court: (1) Is the fence on the true line? and (2) Has the defendant had adverse possession up to the fence for twenty years? There were verdict and judgment for the defendant, from which the plaintiff appeals.

For the appellant there was a brief by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

*D. H. Sumner,* for the respondent.

NEWMAN, J. The appellant assigns three errors: (1) In admitting in evidence the field notes of an early survey, made in 1858; (2) in refusing to charge the jury, in relation

to the defense of adverse possession, as requested by the plaintiff; and (3) in the charge which it did give in regard to the defense of adverse possession.

(1) The court admitted in evidence the field notes of an early survey. It is not clear how these field notes, with nothing more, differ from ordinary hearsay. It seems to be nothing more than the unsworn statement of the person who made them. If it had appeared that he established the line and set stakes or monuments, it would present a question more like those discussed in *Racine v. J. I. Case Plow Co.* 56 Wis. 539; *Koenigs v. Jung,* 73 Wis. 178; *Racine v. Emerson,* 85 Wis. 80. But it seems to be a question of little practical importance in this case, since the original field notes of the government survey are procurable, and were in fact used by one of the surveyors who testified in the action; and to that test it must, in the end, come.

The court also admitted evidence to show that this fence was in line with fences on adjoining farms north and south of it. This, of course, proved nothing material to the case, unless it should also be established that those other fences were on the true line of the government survey. This introduces a new and collateral issue, incompetent to be tried in the action. The evidence was altogether immaterial, and for that reason incompetent. *Fairfield v. Barrette,* 73 Wis. 463.

The court in effect instructed the jury that they must find whether the fence was on the true line; that if they found it to be upon the true line their verdict must be for the defendant, but that if they found it not to be on the true line then they must consider and determine the defendant's claim of title to the strip by adverse possession. The verdict was a general verdict for the defendant. So it cannot be known whether the verdict went upon the consideration that the fence was on the true line, or whether it went upon the consideration that the defendant had acquired title to the strip

in controversy by adverse possession. So it becomes neces-
sary to consider the second and third assigned errors in the
charge, relating to the defense of adverse possession.

(2) The plaintiff asked the court to charge the jury that
"the only question for you to determine is where the true
boundary line is. . . . It is incumbent on the defendant
to satisfy you that Mr. Powrie's survey is wrong, and unless
the defendant has satisfied you by the evidence in this case
that Mr. Powrie's survey is wrong you must find for the
plaintiff." "The law presumes that the defendant in this
case took possession of his farm under his deed; and, having
taken possession under the deed, the law presumes that he
continued to hold the land described in the deed, and none
other. And it is incumbent on the defendant to show that
a change took place in the possession of the land in question
more than twenty years prior to the commencement of this
action; and all the testimony on that subject must be strictly
construed." "For the purpose of establishing adverse pos-
session of the piece of land in question, you must find that
he (the defendant) has been in actual, continued occupation
of the premises, under claim of title, exclusive of any other
right,"— all of which the court refused to charge, but
charged as follows: (3) "We have what is called in the
law the doctrine of adverse possession, which is simply
this: If one of you take possession of your neighbor's farm,
claiming to own it, and hold it continuously, claiming to
own it, cultivate and improve it for a period of twenty
years, although you have no scrap of a deed, have no writ-
ing of any kind,— if that all occurs, and you hold it twenty
years,— that is just as good a title as you can have to any
land. It is the rule of law in that regard, was for the pur-
pose of quieting titles, compelling parties, if they had rights
in land, to assert them within a period of twenty years.
And the question comes in this case, after disposing of the
question of where the section line is, if you come to it: Has

this defendant been in possession of this land, under this
doctrine of adverse possession, for twenty years? Now, this
possession is an adverse possession. One of you may go into
possession of the land of another under a lease, for instance.
It isn't hostile. It is in subrogation to the rights of the real
owner. It must be hostile. It must be under a claim of
title; not a mere temporary, accidental occupation, but an
occupation asserting a claim of title to the land. It must
be continuous, and if followed up by fencing the land, or, if
the land is already fenced, by improving or cultivating it,
using it as a farm, then it constitutes a good title. So you
are to pass upon the evidence in this case,— when these
fences were built, how long they have been maintained,
under what circumstances they were maintained, who re-
paired them,— and say whether this defendant in this case
has been in actual possession of these premises, usually cul-
tivating and improving them; that he entered under a claim
of title, asserting title either by act or deed or word, and
has remained in there continuously for twenty years. If
you find that he has, then your verdict must be in favor, a
verdict for the defendant."

The burden of proving that his possession of the strip in
dispute was adverse was on the defendant. The evidence
which it is claimed proves it is to be construed strictly.
Every presumption is to be made in favor of the true owner.
Adverse possession cannot be made out by inference, but
only by clear and positive proof. *Sydnor v. Palmer*, 29 Wis.
226, 251, 252. All the testimony in the case which tends to
show that defendant's possession was adverse is the fact that
he occupied up to the line of the fence. That is not suffi-
cient to establish it, for the presumption of the law is that
he entered into possession under his deed, claiming only the
title and possession which his grantor's deed gave him; and
that his possession was restricted to the premises granted
him. *Graeven v. Dieves*, 68 Wis. 317; *Dhein v. Beuscher*,

83 Wis. 316, 325. Having entered claiming under his deed, his claim cannot be enlarged, after entry, either as to title or extent of possession. In order that his possession shall be adverse, he must have made the entry with defined claim of title to the strip in dispute and of possession of it; and such claim must have been continued during the entire statutory period. After entry, such claim cannot be enlarged, unless by acts which are equivalent to a new entry and a new claim of possession. *Pepper v. O'Dowd*, 39 Wis. 538, 548. These principles are applicable in controversies over boundary lines. *Hacker v. Horlemus*, 69 Wis. 280; *Fairfield v. Barrette*, 73 Wis. 463. It was important that the jury should be instructed on which side lay the burden of proof, what was the presumption in the absence of proof, and the character and amount of evidence necessary to overcome the presumptions which the law makes. There is nothing in the charge which the court gave which illuminates these questions. Perhaps that charge would be well enough in a case to which it was applicable; but in this case there were no facts to which it was applicable. For that reason it was likely to mislead the jury. There was no question like the one supposed in the charge,— of one who takes possession of a farm of which he has no scrap of title, and holds it adversely for twenty years,— but rather a question whether one who took possession under his deed at the same time took possession beyond the limits named in his deed. The court should have given the substance, at least, of the instructions asked by the plaintiff; and it should not have given the instructions which it did give.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

Adverse possession due to ignorance or mistake as to boundary is the subject of a note to *Preble v. Maine Cent. R. Co.* (85 Me. 261) in 21 L. R. A. 829.— REP.