WATSON, Respondent, vs. THE CITY OF MILWAUKEE, Appellant.

*April 28 — September 25, 1900.*

*Appeal: Bill of exceptions: Printed case: Questions reviewed.*

1. Where there is no bill of exceptions returned with the record, errors assigned, based upon rulings made on the trial, cannot be reviewed, although the printed case contains what purports to be a copy of a regularly settled bill of exceptions.
2. Where no bill of exceptions is returned with the record, the only question open is whether the pleadings and verdict sustain the judgment.

·APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action to recover for personal injuries suffered by the plaintiff from a fall upon the sidewalk on the south side of Mason street, in the city of *Milwaukee*, on the 5th of February, 1898. The defect which was alleged to exist in the sidewalk was a sharp and excessive incline in the walk towards the west, combined with a pitch to the north, both of which inclines were alleged to be contrary to the established grade of the street and the ordinances of the city. At the time of the accident the walk (which was constructed of artificial stone) was covered with a smooth coating of ice and snow, on which the plaintiff alleges she slipped and fell on account of the unlawful and excessive inclines aforesaid and the accumulation of ice and snow thereon. The answer denied all negligence or improper construction of the sidewalk, and admitted the giving of sufficient notice to the city.

.Upon the trial a special verdict was rendered as follows: "(1) Was the plaintiff injured substantially as charged in her complaint, on the 5th day of February, 1898, by falling on the. sidewalk at or near the southwest corner of the crossing of Milwaukee and Mason streets, in the city of *Milwau-*

*kee?* Yes. (2) Was the place where the plaintiff fell insufficient and unsafe for pedestrians exercising ordinary care, and having occasion to use the same? Yes. (3) If you answer the last interrogatory in the affirmative, was such insufficiency and want of safety the proximate cause of the plaintiff's injury? Yes. (4) Did such insufficiency consist in part in the inclination from the horizontal of the surface of said sidewalk at the place where the plaintiff lost her foothold and fell? Yes. (5) Did such insufficiency and want of safety consist in part in the accumulation of snow and ice upon said sidewalk at that place? Yes. (6) If you answer the last interrogatory in the affirmative, had such accumulation of snow and ice at the time of the plaintiff's fall and injury been upon said sidewalk at that place long enough to require the proper officers of the city to attend to the clearing away of the same, or making the same safe for passengers in some way? Yes. (7) If you answer the last interrogatory in the affirmative, ought the officers of the city chargeable with the care of its streets and sidewalks, in the exercise of ordinary intelligence, to have anticipated that said accumulation of snow and ice, in the condition in which it then was, was liable to cause some pedestrian to fall and be injured? Yes. (8) If you find in answer to the fourth interrogatory that the inclination from the horizontal of the surface of said sidewalk at the place where the plaintiff was injured was in part the occasion of a fall, ought the officers of the defendant corporation, in the exercise of ordinary intelligence and proper skill, to have anticipated that said inclination was liable to cause the fall and injury to a pedestrian in using said sidewalk at that place, using ordinary care? Yes. (9) Was the defendant city and its officers chargeable with the condition and care of its streets and sidewalks guilty of any want of ordinary care on their part which was the proximate cause of the plaintiff's injury; — a proximate cause being an efficient,

first cause, by reason of which a man of ordinary intelli-
gence would at the time and place and under the circum-
stances in question have anticipated that a pedestrian pass-
ing over said sidewalk on foot was liable to fall and be
injured by reason of the condition of the sidewalk at that
place? Yes. (10) Was the plaintiff guilty of any want of
ordinary care on her part which proximately caused or con-
tributed to the injury of which she complains? · No. (11) If
the court should be of the opinion that the plaintiff is en-
titled to judgment, at what sum do you assess her damages?
$2,500."

Upon this verdict judgment for the plaintiff was rendered,
and the defendant appeals.

*Carl Runge,* city attorney, and *C. H. Hamilton,* of counsel,
for the appellant.

For the respondent there was a brief by *Quarles, Spence
& Quarles,* and oral argument by *W. C. Quarles.*

The following opinion was filed May 15, 1900:

WINSLOW, J. All the errors assigned in this case are
based upon rulings made upon the trial, hence they cannot
be reviewed in the absence of a bill of exceptions. No such
bill has been returned to this court, although the printed
case contains what purports to be a copy of a regularly set-
tled bill of exceptions. We cannot, however, consider it,
as the record contains no bill, and we cannot go beyond the
record. Upon the record returned, the only question open
is whether the pleadings and the verdict sustain the judg-
ment. *Wille v. Bartz,* 88 Wis. 424. It is apparent that
they do, and hence the judgment must be affirmed.

*By the Court.*— Judgment affirmed.

A motion for a rehearing was denied September 25, 1900.