STANDARD MANUFACTURING COMPANY, Appellant, vs. STALL-MANN and another, Respondents.

*April 18—May 8, 1906.*

(1) *Appeal: Bill of exceptions: Questions reviewable.* (2) *Contract induced by fraud: Rescission.*

1. Where there is no certificate or statement of the trial judge to the effect that the bill of exceptions contains all the evidence, the supreme court on appeal can only consider whether the pleadings and findings sustain the judgment.

2. Where one partner without having read a contract for the purchase of goods was induced to sign it in the firm name by false representations of the vendor's agent that the other partner had seen and approved the contract and left it for him to sign, and such false representations were such as, under the circumstances, reasonably excused the signing partner from reading the paper, the firm had the right, acting seasonably, to rescind the contract.

APPEAL from a judgment of the county court of Jefferson county: GEORGE GRIMM, Judge. *Affirmed.*

This action was brought by the plaintiff, a corporation, against the defendants, *Adolph Stallmann* and *Louis Stallmann,* copartners, to recover the price of goods alleged to have been sold under a contract made on or about the 15th day of June, 1902. The complaint alleges the performance of conditions on the part of the plaintiff and failure to perform on the part of the defendants, and asks damages on account of such breach. The answer, after admitting that defendants were copartners, denied generally the other allegations of the complaint, and alleged, in effect, by way of separate answer, that on the 17th day of June, 1902, an agent of the plaintiff came to defendants' store and had an interview with defendant *Louis Stallmann* in the absence of defendant *Adolph Stallmann,* in which said agent requested said defendant *Louis* to purchase the goods and sign defendants' firm name to the contract mentioned in the complaint; that said defendant *Louis* refused to purchase the goods or sign said contract; that subsequently on the same day said agent obtained an interview with defendant *Adolph Stallmann,* when defendant *Louis* was not present, and, with intent to defraud defendants, said agent falsely and fraudulently represented to defendant *Adolph* that defendant *Louis* had approved of the purchase of said goods, had examined and approved said contract and left the same for said *Adolph* to sign the firm name thereto; that said defendant *Adolph* believed said agent, and being in great haste and not having time to examine or read said contract, and relying upon the false representations of

said agent of plaintiff, and believing the same, signed said firm name to said pretended contract without knowing the contents thereof, and that said pretended contract and the signature thereto were obtained from defendants by plaintiff and its agent by the fraud and false representations stated. The action was tried by the court and the following findings of fact and conclusions of law made:

*Findings of fact:* (1) That on the 17th day of June, 1902, the above-named defendant, *Adolph Stallmann,* signed the firm name of said defendants to the contract mentioned in and made a part of the plaintiff's complaint, without reading said contract and without knowing its contents or conditions, and in the absence and without the knowledge of said defendant *Louis Stallmann.* (2) That the signing of said contract by said defendant, *Adolph Stallmann,* was obtained and procured by means of false representations made to him by the plaintiff's agent; that at the time of said signing said agent falsely represented to said *Adolph Stallmann* that his brother and codefendant, *Louis Stallmann,* had seen and approved of said contract and left it for him, the said *Adolph Stallmann,* to sign, and that said *Adolph Stallmann* relied upon the truth of said false representations and believed the same, and was thereby induced to sign said contract, and that said false representations under the circumstances were reasonably calculated to, and did, excuse him from reading the contract. (3) That on or about the 3d day of July, 1902, the plaintiff shipped the articles mentioned in said contract to the defendants and sent them an invoice of the same. (4) That said defendants refused to accept said articles or any part thereof, and immediately and seasonably notified the plaintiff of said refusal and that they repudiated and rescinded said contract.

*Conclusions of law:* (1) That said contract is absolutely void and not binding on the defendants or either of them. (2) That said defendants are entitled to judgment revers-

ing the judgment of the justice of the peace in said action, and that they have judgment against the plaintiff for their costs and disbursements in said action.

Judgment was rendered upon these findings of fact and conclusions of law, dismissing the complaint, with costs. Plaintiff excepted to the findings and appealed from the judgment.

*W. H. Porter,* for the appellant.

*Harlow Pease,* for the respondents.

KERWIN, J. The only questions involved upon this appeal are: (1) Whether the alleged contract upon which plaintiff seeks to recover is void because of fraud; and (2) whether the defendants seasonably repudiated and rescinded such contract after discovery of the fraud. There is no certificate or statement of the trial judge to the effect that the bill of exceptions contains all the evidence, therefore we can only consider whether the pleadings and findings support the judgment. *Daskam v. Beemer,* 64 Wis. 13, 24 N. W. 485; *Wille v. Bartz,* 88 Wis. 424, 60 N. W. 789; *Hussa v. Sikorski,* 101 Wis. 131, 76 N. W. 1117; *Watson v. Milwaukee,* 107 Wis. 328, 82 N. W. 692; *Optenberg v. Skelton,* 109 Wis. 241, 85 N. W. 356. It is contended upon the part of the appellant that the representations alleged to have been made are not such as should have misled the defendants, because courts cannot lend their aid to persons under circumstances which show that their own carelessness or inattention brings about the injurious results of which they complain. It is true, if the evidence were before us we might find facts and circumstances were proved upon the trial sufficient to show that no case was made entitling defendants to relief from the alleged contract under the doctrine laid down by this court. *Bostwick v. Mut. L. Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246; *Kaiser v. Nummerdor,* 120 Wis. 234, 97 N. W. 932; *Standard M. Co. v. Slot,* 121 Wis. 14, 98 N. W. 923.

But we think it equally clear that the proof under the allegations of the answer may have been such as to justify the court in finding that the defendants had been induced by fraud to sign the contract under such false and fraudulent representations as were reasonably calculated to excuse them from reading it or relieve them from the charge of negligence in signing it. *Standard M. Co. v. Slot, supra; Kaiser v. Nummerdor, supra.* In *Standard M. Co. v. Slot, supra,* this court said:

"It was entirely immaterial to plaintiff's cause of action whether its agent made false representations with specific bad intent or not. If false representations were in fact made, of such a character as to reasonably excuse respondent from reading the contract, and he was thereby induced to sign it without knowing its contents, it was competent for him to rescind the same if he acted seasonably."

The facts found by the court, heretofore stated, under the decisions of this court entitle the defendants to judgment, and, since these findings must be regarded as supported by the evidence upon this appeal, the judgment must be affirmed.

*By the Court.*—Judgment of the court below is affirmed.