THOMPSON, Respondent, vs. FUHRMANN, Appellant.

*December 7, 1906—January 8, 1907.*

*Boundaries: Courses and distances: Ancient monuments: Surveys: Relocation of section corners: Conflict of evidence: Waters and watercourses: Trespass: Cutting ice: Evidence: Appeal and error: Verdict: Instructions to jury.*

1. In the location of boundaries courses and distances must give way to ancient monuments.

2. Where there was conflict of evidence as to a section line, the location of which depended on the correct relocation of a section corner, the verdict of a jury on such disputed question of fact is *held* supported by the testimony of plaintiff's surveyors that they established the corner with reference to a bearing tree, an ancient monument, and absence of any evidence that they violated any rule of law in establishing the corner.

3. In an action for trespass in cutting and carrying away ice, alleged to be the property of plaintiff, the evidence, stated in the opinion, is *held* to support findings that the trespass was committed before the commencement of the action.

4. In an action for trespass in cutting and carrying away ice claimed to be the property of plaintiff, one issue was the location of a section line bounding the tract from which the ice was cut. The location of this line depended upon the correct relocation of an original government section corner. Each party gave testimony of a survey, each showing a different location. The court instructed the jury that the plaintiff was required to show by a "preponderance" of the evidence that he was in possession of the land from which the ice was taken by defendant, and the jury were required to determine which of the surveys correctly located the original line fixed by the government survey; that if the corner could not be ascertained with absolute certainty, yet if, from known and existing monuments, bearing trees, field-notes, and other means, the location could be ascertained with reasonable certainty, that would be sufficient; and that the first fact the jury would have to determine was whether the evidence, viewed in the light of the instructions which the court had given, established the location of this original government corner. The defendant requested no specific instructions, and the exception was general and not to any specific part of the charge. *Held,* that the charge as a whole was sufficiently favorable to the defendant.

APPEAL from a judgment of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

This is an action of trespass *quare clausum fregit* originally brought in justice's court. The complaint alleges, in effect, that on the 6th day of February, 1905, at the city of Reedsburg, Sauk county, Wisconsin, the defendant with force and arms unlawfully broke and entered the respondent's close and premises in respondent's possession, and described as the "N. E. ¼, N. E. ¼ of section 9, town 12 north, range 4 east, being in the city of Reedsburg, except that part thereof lying north and west of the northern and westerly boundaries of the Baraboo river and Hay creek," and plowed, cut, and carried away a large quantity of ice then and there situate, the property of the plaintiff. The answer of the appellant set up title to the property in question, and, upon filing the proper bond, the case was removed to the circuit court for Sauk county, where a trial was had before the court and a jury. At the close of respondent's testimony the appellant moved for a nonsuit, which was denied. At the close of all the testimony both parties moved for a directed verdict, which motions were denied, and the case submitted to the jury and the following verdict returned:

"(1) Do you find that a trespass was committed by the defendant upon the premises in possession of plaintiff? *A.* Yes. (2) If your answer to question No. 1 be 'Yes,' was such trespass committed before the commencement of the suit on the 8th day of February, 1905? *A*. Yes. (3) Was the original government line dividing sections 9 and 10, township 12, range 4, Sauk county, Wisconsin, located where fixed by the surveys of Mr. Hulbert and Mr. Darrow? *A.* Yes. (4) If your answer to question No. 1 be 'Yes,' what amount will compensate the plaintiff for the damage suffered by him through such trespass? *A.* $20. (5) If your answer to question No. 1 be 'Yes,' then was such trespass committed wilfully, wantonly, or with malice or illwill toward the plaintiff? *A.* Yes. (6) If your answer to question No. 5 be 'Yes,' then at what amount do you assess damages because of that fact? *A.* $15.27."

On the coming in of the verdict the appellant moved that the answers be changed. The court changed some of the answers to the special verdict, and refused to change the answers to questions 1, 2, 3, and 4, and directed judgment upon the verdict for the respondent for the sum of $20 damages, and costs. A motion to set the verdict aside and for a new trial on the part of the appellant was denied. Appellant brings this appeal and relies upon the following errors:

"(1) The court erred in denying defendant's motion for a nonsuit. (2) The court erred in denying the defendant's motion for a directed verdict in his favor. (3) The court erred in denying the defendant's motion to change the answers to questions Nos. 1, 2, 3, and 4 in the special verdict and in directing that judgment be entered for the plaintiff. (4) The court erred in denying the defendant's motion to set aside the judgment and for a new trial."

*Ed. C. Gottry,* for the appellant.

*James A. Stone,* for the respondent.

KERWIN, J. The errors assigned involve the following propositions: (1) The plaintiff's possession; (2) whether the alleged trespass was committed before the commencement of the action; and (3) whether the court erred in the admission of evidence and in the charge to the jury. The jury found that a trespass had been committed by the defendant, before the commencement of the action, upon the premises in possession of plaintiff; that the government line in question was properly located by the plaintiff's survey; and fixed the amount of damages. The main question for consideration is whether there is sufficient evidence to support the verdict upon the questions of fact involved.

1. Respecting possession, there is evidence that the plaintiff held under a lease and not a mere license as contended by defendant, and the real controversy is whether the property claimed under the lease included the disputed tract where the trespass is alleged to have been committed. The defendant showed no title to the land, but relied upon the failure

of plaintiff to show title and possession. The ice field had
been surveyed and staked out some time before the alleged
trespass, and aside from the question of the location of the
line in dispute there is evidence that the plaintiff was in pos-
session under claim of right by virtue of a lease of the dis-
puted tract where the trespass was committed. The main
controversy, however, on the trial was as to the true line.
Two surveys were presented, and the correctness of these was
in question. The jury obviously adopted the survey of the
plaintiff as establishing the true line as claimed by plaintiff,
and we cannot see that they were not warranted in so finding.
The controversy between the surveyors was as to the location
of the section corner between sections 3 and 4 and 9 and 10.
This corner the plaintiff's surveyors testified to having lo-
cated, and gave evidence to the effect that they found the bear-
ing tree marked by government surveyors. They testified to
having run the lines and established the corner and section
lines as claimed by plaintiff, and we are unable to see that
their evidence does not support the verdict. The plaintiff's
surveyors testified that they established the corner with ref-
erence to the bearing tree, an ancient monument, and it is
well settled that courses and distances must give way to an-
cient monuments. *Marsh v. Mitchell,* 25 Wis. 706; *Vroman
v. Dewey,* 23 Wis. 530; *Jones v. Kimble,* 19 Wis. 429; *Ra-
cine v. J. I. Case P. Co.* 56 Wis. 539, 14 N. W. 599; *Madi-
son v. Mayers,* 97 Wis. 399, 73 N. W. 43; *Racine v. Emer-
son,* 85 Wis. 80, 55 N. W. 177. We cannot find from the
record that the plaintiff's surveyors violated any rule of law
in establishing the corner, the accuracy of their surveys ap-
pearing from the evidence to be verified by the known monu-
ment, the bearing tree. We shall not attempt a review of the
evidence. It is sufficient to say that the evidence of the sur-
veyors is in conflict as to the location of the line, and we think
the verdict of the jury upon this disputed question of fact is
supported by the evidence.

2. It is also argued that there is no proof as to when, if at all, any trespass was committed. The affidavit, which stands for the complaint, alleges the trespass on February 6th, the warrant was issued on the 8th, and the arrest made on that day. Under the issues raised, the dispute seems mainly to have been upon the question of title and not the cutting or removal of ice from the plaintiff's close. The complaint charges the breaking and entering of the plaintiff's premises and the cutting and carrying away of ice, the property of plaintiff. The answer admits that at the time mentioned in the complaint defendant had been engaged in cutting ice in the Baraboo river and Hay creek, city of Reedsburg, Sauk county. It seems clear that the controversy was directed to the question of the true line, and whether the cutting was over the line within the ice field of plaintiff, and not respecting the cutting. We think, however, that there is sufficient evidence to support the verdict that there was ice taken by the defendant from the disputed tract prior to the commencement of the action February 8th. All ice cut up to the morning of February 9th appears to have been estimated and a survey made of the ice field where the cutting was done, and testimony given upon the trial respecting the matter. While the evidence is far from being clear upon the subject, we think there is sufficient to support the verdict respecting the trespass before the commencement of the action and the damages sustained in consequence of such trespass up to the time of the commencement of the action.

The second question of the special verdict clearly includes damages for trespass committed up to the time of the commencement of the action. The case seems to have been tried upon the theory of including any trespass between February 6th and the time of commencement of the action, February 8th.

3. It is contended that the court erred in sustaining objection to the question asked by defendant's counsel of Mr.

Kruger as to conversation with Mr. Ellinwood respecting the disputed line. We do not see how any statements made by Mr. Ellinwood respecting the true line between sections 9 and 10 could bind the plaintiff. We find no foundation in the record for the admission of any such evidence, and therefore think the testimony was properly excluded.

Counsel further alleges error in that the court should have instructed the jury that they must be satisfied of the correctness of the Darrow survey by "evidence very clear and certain," and not by mere "preponderance" of the evidence. Counsel also complains of the following portion of the charge:

"If the corner cannot be ascertained with absolute certainty, yet if, from known and existing monuments, bearing trees, field-notes, and other means, the location can be ascertained with reasonable certainty, that will be sufficient."

An examination of the whole charge shows that it is not open to the criticism, especially since no specific instruction was asked. The court told the jury that the plaintiff was required to show that he was in possession of the land from which the ice was taken by defendant, and that they were required to determine which of the surveys correctly located the original line fixed by the government survey, and further, after giving the portion excepted to, said:

"In answering this question, the first fact that you will have to determine is whether the evidence, viewed in the light of the instructions which the court has just given you, established the location of this original government corner."

We think it very clear that the charge as a whole was sufficiently favorable to the appellant. *Daskam v. Beemer,* 64 Wis. 13, 24 N. W. 485; *Lewis v. Prien,* 98 Wis. 87, 73 N. W. 654. Moreover, the appellant not only failed to ask any instruction, but the exception seems to be general, and not to any specific part of the charge. The action was possessory. There was no question of injury to the freehold. The damages claimed and recovered were for the ice cut and removed,

owned and 'in the possession of plaintiff. The questions in-volved were of fact upon which the evidence was conflicting, and we cannot say that there is no credible evidence to sup-port the verdict. We think the case was fairly tried and that no prejudicial error was committed.

*By the Court.*—The judgment below is affirmed.