ZULEGER, Respondent, vs. ZEH, Appellant.

*December 10, 1914—May 4, 1915.*

*Plats: Distance given, when controlling: Deed pursuant to defective plat: Adverse possession: Period required: Appeal: Harmless errors.*

1. Where there are no monuments contradicting the measurements given on a plat referred to in a deed, and no substantial proof that such measurements are inaccurate, the plat must control as to distances.
2. Although a plat is defective because lacking the owner's signature to the acknowledgment, yet if he conveyed lots by reference to the plat he thereby made the plat an essential part of the description.
3. As to land lying outside and clearly beyond the calls of a deed, the grantee can acquire title by adverse possession only where such possession is continued for twenty years under secs. 4213, 4214, Stats. Sec. 4211 shortens the period of limitation only as to the premises included in the instrument under which title is claimed.
4. Where the prevailing party in the trial court was entitled to have a verdict directed in his favor, errors in rulings as to evidence or as to the instructions are nonprejudicial and will not be considered on appeal.

APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

*Humphrey Pierce,* for the appellant.

For the respondent there was a brief by *Cady, Strehlow & Jaseph,* and oral argument by *Samuel H. Cady.*

The following opinion was filed January 12, 1915:

TIMLIN, J. In this action of ejectment the plaintiff claimed a strip of land along the western boundary of lots 17, 18, 19, and 20 in block 2 of the plat of the city of Seymour in Outagamie county. This strip of land is alleged to be fourteen feet wide at its southern extremity on the south boundary line of lot 20 and nineteen feet wide at its northern extremity on the north boundary line of lot 17. The defendant owns land

adjoining said lots 17, 18, 19, and 20 on the west, and claims the strip in question is included within his conveyances, and also claims by adverse possession.    One Cyrus Reed was the common source of title.    Reed owned the southeast quarter of the southeast quarter of section 29, township 24 north, of range 18 east, and on August 1, 1874, this with other adjoining lands was platted and the plat filed and recorded on November 18, 1874, in the office of the register of deeds.    The other adjoining landowners signed the acknowledgment annexed to the plat, but Cyrus Reed, so far as the recorded copy shows, did not.    In the surveyor's certificate annexed to the plat it is said that the southeast quarter of the southeast quarter of section 29 was owned by Cyrus Reed and platted by his direction.    The same statement is made of each of the other landowners.    This plat shows lots 17, 18, 19, and 20 to be in block 2 of the plat and to be rectangular and to have an unnamed street thirty-three feet wide running from north to south along the west side of the mentioned lots, from Pearl street on said plat north to another unnamed street thirty-three feet wide, shown on the plat and bounding block 2 on the north.    Pearl street runs east and west and abuts the west part of block 2 on the south, and for convenience the first mentioned unnamed street may be called street X and the other street Y.    West of and across street X is a platted lot of 7.60 acres not designated by number or lettered in the original plat.    The common section corner of sections 29, 28, 32, and 33 forms the center of the intersection of Pearl and Main streets, the latter running on the east section line of section 29 and abutting block 2 on the east.    At the intersection of these section lines was placed the stone from which future surveys were to be made.    Later on and in 1888 there was an assessor's plat of the city of Seymour made and filed, not differing materially from the original plat so far as it affects this case.    In both of these plats block 2 forms part of a larger block having for its south boundary the north line of

Zuleger v. Zeh, 160 Wis. 600.

Pearl street, the center of which is the south line of section 29; for its east boundary the west line of Main street, the center of which is the east line of section 29; for its north boundary the street Y, running apparently parallel with Pearl street; and for its west boundary the east line of street X. By figures given on the plat the distance from the center of Main street west along the south boundary of the block to the east line of street X is 786 feet, while the distance from the center of Main street west along the north line of block 2 to the east line of street X is 800 feet. Lots 17, 18, 19, and 20 are the four northwesterly lots in block 2. On September 28, 1874, Cyrus Reed conveyed to John Daul lots 17, 18, and 19 with other lots. On October 3, 1879, he conveyed lot 20 to one Edwards. Each of these conveyances described these lots "as shown on the recorded plat of the village of Seymour." On November 22, 1897, Cyrus Reed conveyed to H. S. Walrath, under whom the defendant claims, a tract of land in block C in the city of Seymour by description which would cover the platted street X. That description was as follows:

"Commencing at the southwest corner of lot 25, block 2, Seymour, running north 627 feet, west 30 feet, south 627 feet, east 30 feet to the place of beginning."

The land so described lies wholly west of block 2, while the lots claimed by the plaintiff are in block 2. Mr. Vinal, a surveyor for the plaintiff, by chaining from the stone mentioned west the proper distance for the southwest corner of lot 25, block 2, or the east boundary of street X, then running north on the proper bearing, established a *prima facie* case showing that the disputed strip was within the west boundary of block 2. Mr. Braun, a surveyor for the defendant, started at the same stone, but ran north along the east section line of section 29 the proper distance, then ran west along the street Y, which has, since platting, acquired the name of Eagle street, but stopped fourteen feet short of the distance shown by figures on the original plat, and there attempted to estab-

lish the east line of X street. He found no monuments suf-
ficient to entitle him to disregard these figures. He seems to
have a notion that the block containing block 2 should be of
the same length on its south and north boundaries, though the

The accompanying rough sketch may help to make clear the situa-
tion.—Rep.

figures on the plat show it is fourteen feet longer on the north boundary. His survey was *prima facie* incorrect. There was no evidence and no claim of adverse possession for twenty years, but the defendant invokes the ten years' statute, claiming he has held for that length of time under a written instrument purporting to convey title.

A few elementary principles of law will dispose of the case. No monuments contradicting the measurements given on the plat and no substantial reason being shown to establish their inaccuracy, the plat must control. *Lampe v. Kennedy,* 45 Wis. 23; *Racine v. J. I. Case P. Co.* 56 Wis. 539, 14 N. W. 599.

The proof of platting by Cyrus Reed is defective because of the lack of his signature to the acknowledgment. He did, however, convey pursuant to this plat, referring to it in the deeds, and thereby made the plat an essential part of the description found in the deed. *Jarstadt v. Morgan,* 48 Wis. 245, 4 N. W. 27. In the last mentioned case it is held that when the owner of land conveys by description found in a defective plat containing abutting streets, the grantee in such conveyance takes as against the grantor and his assigns to the center of the street upon which the lot abuts. See, also, *Shufeldt v. Spaulding,* 37 Wis. 662; *Andrews v. Youmans,* 78 Wis. 56, 47 N. W. 304; *Racine v. J. I. Case P. Co., supra; McFarland v. Lindekugel,* 107 Wis. 474, 83 N. W. 757.

Our conclusion is that the plaintiff has shown a good paper title to lots 17, 18, 19, and 20 of block 2 of the original plat of the city of Seymour, including the strip in dispute, and that the defendant has shown no paper title thereto. Whether the plaintiff has any title to the center of X street we need not speculate. The defendant has a conveyance under Reed which carries him as far east as the west boundary of the lots in question, and it may be that as to land west of the west boundary of the lots in question he has title by adverse pos-

session of ten years.   This it is not necessary to decide be-
cause it appears to us that the strip of land in controversy
has been shown *prima facie* to lie east of the west boundary
of the lots in question and therefore not included within the
calls of the defendant's deed.   In such case and as to land so
lying, the ten years' statute of adverse possession has no ap-
plication.   Land lying outside and clearly beyond the calls
of a deed but claimed by the grantee in the deed can only be
wrested from the true owners by an adverse possession of
twenty years under secs. 4213 and 4214, Stats. 1913.   Sec.
4211, Stats. 1913, lays down the rule for a case where an ad-
verse occupant is holding land part under a written convey-
ance or judgment and an adjoining part not covered by such
written conveyance or judgment.   It is there declared that
"Where the occupant or those under whom he claims entered
into the possession of any premises under claim of title, ex-
clusive of any other right, founding such claim upon some
written instrument, as being a conveyance of the premises in
question, or upon the judgment of some competent court, and
that there has been a continual occupation and possession of
the premises *included in such instrument or judgment* or of
some part of such premises under such claim for ten years,
*the premises so included* shall be deemed to have been held
adversely," etc.   *Childs v. Nelson,* 69 Wis. 125, 33 N. W.
587; *Elofrson v. Lindsay,* 90 Wis. 203, 63 N. W. 89; *Mc-
Evoy v. Loyd,* 31 Wis. 142; *Fuller v. Worth,* 91 Wis. 406, 64
N. W. 995.

The period of adverse possession is shortened to ten years
only as to "the premises included in such instrument or some
part of such premises."   Sec. 4211, *supra.*   Rulings in ad-
mitting evidence or instructions given or refused cannot be
considered in a case like this, where the prevailing party in
the court below was entitled to have a verdict directed in his
favor.   Under such circumstances such rulings are nonpreju-

dicial. It follows that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on May 4, 1915.