Florence ZURBUCHEN, Plaintiff-Appellant,

v.

James TEACHOUT, Defendant-Respondent.

Court of Appeals

*No. 85–1883. Argued July 8, 1986.—Decided January 21, 1987.*

(Also reported in 402 N.W.2d 364.)

For the plaintiff-appellant, there were oral arguments and briefs by *David J. Lisko* of *Doepke, Hannan & Elbert, Chtd.* of Juneau.

For the defendant-respondent, there were oral arguments and a brief by *J.E. Nugent* of *Nugent & Nugent* of Waupun.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   This case concerns a boundary line dispute involving a ten-foot strip of land lying between Florence Zurbuchen's (Zurbuchen) and James Teachout's (Teachout) properties. Both the Zurbuchen chain of title and the Teachout chain of title commence with a deed from a common owner, John McCune, as shown below.

*1919 Voight-Graf deed was the first instrument to describe the 92½-foot frontage on Fond du Lac Street. The 92½-foot frontage included the 10-foot strip of land in dispute.

**The description in the 1930 Benson-Graf quit-claim deed matched the description in the 1919 Voight-Graf deed.

468

The trial court dismissed Zurbuchen's action to quiet title and awarded judgment to Teachout on his counterclaim for adverse possession under the ten- and twenty-year adverse possession statutes, secs. 893.26 and 893.25, Stats., respectively. Because Teachout conceded at oral argument that the evidentiary record does not sustain a twenty-year adverse possession claim, that issue is not before us.[1]

On appeal, Zurbuchen contends that both Teachout's chain of title and his ten-year adverse possession claim under color of title must fail because the description in the Teachout deed does not include the disputed ten-foot parcel of land. We agree and therefore reverse.

The two issues on appeal are: (1) whether the 1933 reformation of a deed in the Teachout chain of title relates back to the time of the original grantor, giving Teachout a superior chain of title; and (2) whether the legal description in Teachout's deed encompassed the disputed property in question so as to support his color of title claim and bring him within the confines of the ten-year adverse possession statute, sec. 893.26, Stats.

In Zurbuchen's chain of title, the first reference to the disputed ten-foot strip of land occurred in 1919 when Robert Voight, Zurbuchen's predecessor in title, sold his land to Albert Graf. This 1919 Voight-Graf deed gave Graf a 92½-foot frontage on Fond du Lac Street. In 1930, Emma Benson, Teachout's predecessor in title, quit-claimed her interest to Graf; this description included the 92½-foot frontage and matched the description in the 1919 Voight-Graf deed. Graf subsequently filed an affidavit to quiet title in December,

---

[1]Our review of the record confirms that a twenty-year adverse possession claim pursuant to sec. 893.25, Stats., cannot be sustained. No further reference will be made to sec. 893.25.

1930. This same description was conveyed through three other owners before it was conveyed to Zurbuchen in 1956. It is this description under which Zurbuchen claims title today.

Following her 1930 quit-claim conveyance of the disputed property to Graf, Benson had the title description on her remaining land changed in 1933. The court order correcting the description was recorded on September 16, 1933. The correction changed the "point of beginning" on Benson's property from "the Northwest corner of North Ward Out Lot No. Eighteen (18)" to "a limestone monument ..., set at the Southwest corner of the Northwest Quarter." Graf's deed does not reflect any change or correction made in his title description as of 1933. Teachout, however, claims that the Benson reformation returned the disputed ten-foot parcel of land to Benson's chain of title and reduced Graf's 92½-foot frontage to 82½ feet. Benson's corrected description was then conveyed from Benson through six other owners before it was conveyed to Teachout in 1982. It is this corrected description under which Teachout claims title today.

At trial, Steven Chicka, Zurbuchen's expert surveyor, testified that he surveyed the Zurbuchen property and was able to locate the boundaries of the Zurbuchen deed by utilizing the approved methods for surveying in Wisconsin. Further, he testified that the calls in the Zurbuchen deed describe the land owned by Zurbuchen and that this description includes the disputed ten-foot strip of land in her 92½-foot frontage. Last, he testified that there are no omissions in the calls of the deed.

Eugene Uttech, Teachout's expert surveyor, testified that he did not survey the Teachout property but

instead used documents from the register of deeds office, the city assessor's office, and the county surveyor's office to locate the boundaries of the Teachout deed. Specifically, he testified that he had relied upon an 1884 city of Waupun map which, he admitted, was not a recorded document. He also admitted that by using the established United States government *southern* quarter-quarter post as a point of beginning, the Teachout parcel cannot include the disputed ten-foot strip of land. He testified that the Teachout deed is defective if that southern quarter-quarter post is used. Furthermore, he admitted that when Zurbuchen's legal description is followed, the disputed ten-foot strip is located within her description.

Uttech further testified that, in his opinion, based upon the 1884 map the point of beginning was located on the "quarter-quarter line *north* of the center line of Fond du Lac Street," not the point of beginning stated in the Teachout deed. (Emphasis added.) By using this method, he testified that he "then measured from that point the called distance and came to a point that's 10 feet north of the chisel mark in the driveway." Uttech therefore concluded that by using his calculations, the disputed ten-foot strip is in the Teachout chain of title.

When the evidence is documentary, an appellate court may interpret such evidence for itself and is as equally competent as the trial court to do so. *Delap v. Institute of Am., Inc.,* 31 Wis. 2d 507, 510, 143 N.W.2d 476, 477 (1966).

## CHAIN OF TITLE

Teachout's first argument is his chain of title claim. He contends that the change in description in

the 1933 Benson corrected deed regarding the point of beginning of Benson's property is effective to vest a chain of title superior to Zurbuchen's. He argues that the 1933 corrected deed relates back to the original 1917 McCune-Benson deed and thus predates both the 1919 Voight-Graf deed and the 1930 Benson-Graf quit-claim deed in Zurbuchen's chain of title. We disagree.

As a preliminary matter, the 1933 Benson corrected deed does not include the disputed ten-foot strip of land unless Uttech's modified point of beginning is used. Even if we were to accept Uttech's measurements and move the point of beginning in an attempt to have the disputed ten-foot strip encompassed within Teachout's property, the Teachout chain of title could not grant clear title to the disputed strip because Benson had quit-claimed her interest in the disputed strip to Graf, Zurbuchen's predecessor, three years before Benson reformed her deed. Benson could not take back by correction what had already been deeded away. Accordingly, we conclude that the property in question was not owned by Benson after she reformed the deed and thus cannot be claimed by Benson's successors in title.

In the alternative, we conclude that Benson's 1933 corrected deed could not establish title in her to the disputed ten-foot strip because it was an invalid reformation. In the absence of fraud, a deed is not to be reformed in matters of description unless the mistake is mutual. *James v. Cutler*, 54 Wis. 172, 175, 10 N.W. 147, 148 (1882). Furthermore, in an action to reform a deed, all parties claiming interest in the land are necessary parties if their interest will be affected

by the reformation. *Cf. Kegel v. McCormack*, 225 Wis. 19, 28, 272 N.W. 650, 654 (1937). *See also* 76 C.J.S. *Reformation of Instruments* § 70(a)(3) (1952).

■

For Benson's 1933 correction to have been valid as to Graf, Graf needed to have been joined as a necessary party to the action; the record does not show that Graf was a party to the action. Accordingly, Benson's purported reformation did not lessen Graf's interests in his own land nor change Graf's title description. Even if the disputed ten-foot strip of land had not been owned by Voight and thus could not have been deeded to Graf in 1919, this parcel was quit-claimed to Graf in 1930 by Benson. Because we have determined that the disputed strip of land was deeded to Zurbuchen's predecessor in title (Graf), we conclude that the trial court erred in holding that Teachout's chain of title was superior to Zurbuchen's.

## ADVERSE POSSESSION/COLOR OF TITLE

Teachout next claims that he has acquired title to the disputed ten-foot strip of land by virtue of his ten-year adverse possession of such strip under color of title pursuant to sec. 893.26, Stats. He bases his claim of color of title on the description in the 1933 Benson corrected deed.

■

In order to avail himself of the provisions of sec. 893.26, Stats., Teachout needed to establish that the disputed ten-foot strip of land was included within the legal description in his deed. *Cf. Beasley v. Konczal*, 87 Wis. 2d 233, 241–42, 275 N.W.2d 634, 640 (1979). Section 893.26 requires "a good faith claim of title" founded upon either a written instrument as a convey-

ance of the real estate or a judgment which is to be recorded in thirty days. "Adverse possession under a deed is measured by the title attempted to be conveyed, and is limited to premises actually covered by the deed." *Childs v. Nelson*, 69 Wis. 125, 135, 33 N.W. 587, 590 (1887). Furthermore, the instrument *on its face* must support the claim to land under color of title. *Cf. Furlong v. Garrett*, 44 Wis. 111, 122 (1878). For lands lying outside and clearly beyond the calls of a deed but claimed by the grantee in the deed, the ten-year adverse possession statute has no application. *Zuleger v. Zeh*, 160 Wis. 600, 605, 150 N.W. 406, 408 (1915). When the notice requirements of the shortened ten-year adverse possession claim are not met, an adverse occupant can acquire title only by meeting the stringent requirements of a twenty-year adverse possession claim. *See id.*

Zurbuchen has shown clear title to her property, with her conveyance on its face specifically describing the 92½-foot frontage which includes the disputed ten-foot strip of land. Teachout, on the other hand, has a conveyance which, without Uttech's changed point of beginning, does not include on its face the disputed ten-foot strip in its description. Because the legal description in Teachout's deed does not describe on its face the disputed ten-foot strip, we conclude that he cannot avail himself of the ten-year adverse possession statute. *See Childs*, 69 Wis. at 135, 33 N.W. at 590. Absent color of title, we need not address the issue of Teachout's acts of adverse possession. Accordingly, we reverse.

*By the Court.*—Order reversed.