Karl Melnik, Plaintiff-Respondent,
v.
Matthew Mikolic, Defendant-Appellant.
No. 03-2546-FT.
Court of Appeals of Wisconsin.
Opinion Filed: March 9, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1. PER CURIAM.
Matthew Mikolic appeals a judgment reforming a land contract between him and the seller, Karl Melnik.[1] Although the accepted offer to purchase and other evidence identified the parcel as 120 acres, the contract's metes and bounds description included 164.88 acres. The trial court found that these inconsistencies evinced a mutual mistake that necessitated reformation of the metes and bounds description. Mikolic argues that the evidence does not support the trial court's finding of mutual agreement to convey the northern 120 acres. He also argues that Melnik's negligence and acquiescence in the contract preclude him from reforming the contract. We reject these arguments and affirm the judgment.
¶2. Relying on his own version of the facts, Mikolic argues that the inconsistency in the contract resulted from Melnik's unilateral mistake, that the sale was not per acre but a sale in gross and, if only 120 acres were conveyed, Mikolic should have the choice of which 120-acre segment. These arguments depend on the trial court's believing Mikolic's version of the facts. Melnik's testimony and other evidence support the trial court's findings. As the arbiter of the witnesses' credibility, see Cogswell v. Robertshaw Controls Co., 87 Wis. 2d 243, 249-50, 274 N.W.2d 647 (1979), the trial court could reasonably find that the land contract incorrectly described the parcel that the parties agreed to convey. This finding supports reformation of the land contract based on the parties' mutual mistake. See Zurbuchen v. Teachout, 136 Wis. 2d 465, 472, 402 N.W.2d 364 (1987).
¶3. Melnik testified that he intended to sell 120 acres and that Mikolic had expressed an intent to buy 120 acres at a negotiated per acre price. Mikolic testified that he was "surprised" that the property was more than 120 acres. The signed purchase agreement described the property as a 120 acre parcel, as did the Wisconsin Real Estate Transfer Return. Mikolic's attorney, who drafted the land contract, presented his contemporaneous notes that suggest a price per acre. The trial court's finding that the land contract description resulted from the parties' mutual mistake is not clearly erroneous. See Wis. Stat. § 805.17(2).
¶4. The record also supports the finding that the parties intended to convey the northern 120 acres. The purchase agreement and the land contract contain metes and bounds descriptions that are anchored on the northern border. Mikolic's friend testified that during negotiations the parties drove to the property in question and, standing near the middle of the plot, pointed to the fence line that marked the northern border. The trial court could reasonably draw an inference that the parties used the northern fence line as the reference point in their agreement. This court must accept the trial court's reasonable inference. Cogswell, 87 Wis. 2d at 249-50.
¶5. Mikolic did not establish negligence that would preclude Melnik from seeking reformation. The trial court found a mutual mistake, that is, a mistake that was "reciprocal and common to both parties." See Willett v. Stewart, 227 Wis. 303, 310, 277 N.W. 665 (1938). If there was negligence, it was common to both parties. In fact, the error in the contract's metes and bounds description can be attributed to Mikolic, whose attorney drafted the contract. Melnik had no duty to have the property surveyed and Mikolic could have hired a surveyor if he chose. Mikolic has not established Melnik's breach of any duty regarding creation or execution of the land contract.
¶6. Melnik's accepting payment after the defect was discovered does not constitute acquiescence in the land contract as written. Nothing in Melnik's acceptance of the payment suggests that he ratified the contract's mistaken metes and bounds description. After discovering the error, Melnik offered to return Mikolic's payments if Mikolic wished to rescind the agreement. Mikolic responded by paying the full amount due. Melnik then executed a deed that reflected the parties' agreement to convey the northern 120 acres. By calling the defect to Mikolic's attention and reaffirming his position that only 120 acres were conveyed, Melnik took steps to show his non-acceptance of the land contract description. Acceptance of the final payment does not signal acceptance of any particular version of the agreement.
By the Court.  Judgment affirmed.
NOTES
[1] This is an expedited appeal under Wis. Stat. Rule 809.17. All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.