**Ethel ODEGAARD, Respondent,**

v.

**Paul M. CRAIG and Lyda Craig, Appellants.**

**No. 8530.**

Supreme Court of North Dakota.

Sept. 26, 1969.

**134**

H. B. Knudson, Jr., Mayville, and H. G. Ruemmele, Grand Forks, for appellants.

Chauncey T. Kaldor, Hillsboro, and Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, for respondent.

COYNE, District Judge.

Plaintiff, Ethel Odegaard, the record title holder of the Northeast quarter, (NE¼) of Section Twenty-three (23), Township One Hundred Forty-five (145), Range Fifty-three (53), West of the Fifth Principal Meridian, sought to permanently enjoin defendants Paul M. Craig and Lyda Craig, the record title holders of the Southeast quarter (SE¼) of the same section, from trespassing and encroaching upon her property.

Defendants denied they are presently trespassing or encroaching upon plaintiff's property, and asserted the affirmative defense of adverse possession, and counterclaimed that their title to the Southeast

quarter (SE¼) be quieted together with whatever portion of the Northeast quarter (NE¼) they may have acquired by adverse possession.

Basically, then, plaintiff's action to enjoin defendants, and defendants' counterclaim to quiet title, both enlisted the district court to settle a boundary dispute.

The trial court refused to grant injunctive relief to plaintiff, and was also unconvinced by defendants' evidence of adverse possession. To determine the boundary line between the northeast quarter and the southeast quarter the trial court directed that a survey be made by the county engineer in a manner not in accordance with Sec. 11–20–07 N.D.C.C., infra. From the judgment dismissing that portion of their counterclaim founded upon adverse possession and directing that the boundary be determined by a survey as aforesaid the defendants have appealed demanding a trial de novo in this court.

In the farming seasons of 1938 and 1939 defendants occupied both the northeast quarter and the southeast quarter as tenants. In the fall of 1939 plaintiff and her husband leased the northeast quarter. Plaintiff and her husband continued to lease the northeast quarter until June 2, 1943, on which date they purchased the leased premises. Defendants continued to lease the southeast quarter until November 16, 1943, on which date they purchased the premises they had been leasing. The conveyances in both cases were by quit claim deed from the United States of America. In 1938 while they were farming both quarters as tenants, defendants placed a fence between the quarters along a line they determined to be the boundary, and farmed the entire property in a north-south direction. After 1939 the northeast quarter was farmed in an east-west direction by plaintiff and her husband. While plaintiff indicates some doubt about the existence of the fence, defendants' testimony is that they had the fence removed in 1957. The testimony is conflicting as to the time

and extent of the encroachment, if any, upon plaintiff's property subsequent to the removal of the fence. There is no agreement as to the exact location of the fence prior to its removal. Shortly after the commencement of this action plaintiff and defendants agreed in writing to resolve the litigation by a survey to be made apparently in accordance with Sec. 11–20–07 N.D. C.C. with the parties to share equally in the cost thereof. This survey was not made, apparently because of the expense involved. Thereafter plaintiff hired the county engineer to make a survey, but the surveyor's stakes were removed by defendants. Defendants' removal of the surveyor's stakes caused the trial court to hold that defendants should pay the cost of the survey directed to be made by the judgment from which defendants have appealed.

■ Initially it must be determined whether the judgment from which defendants have appealed is a final judgment. Plaintiff has argued that the accuracy of the survey directed to be made by the judgment is not an issue in this appeal, and has by implication thereby raised a question as to the finality of the judgment. Defendants' objection is to the manner in which the survey is directed to be made by the judgment. If the manner in which the survey is made is inaccurate, a priori the survey is inaccurate. An examination of the judgment shows that it is complete and certain, it determined and disposed of the entire cause, and nothing remained for determination by the trial court. It is, therefore, a final judgment from which an appeal may be taken.

30A Am.Jur. Judgments, Secs. 121, 122.

■ Defendants have argued that injunctive relief is not a proper remedy for securing possession of or trying title to real property. Plaintiff urges that this question is moot. We are in agreement with plaintiff. The injunction sought by plaintiff was denied and plaintiff has not appealed therefrom.

■ By virtue of Sec. 28–01–12 N.D.C. C. defendants' adverse possession, if any, of plaintiff's land could not have commenced prior to November 16, 1943, the date of the conveyance of the southeast quarter from the United States of America to defendants.

"When possession of tenant presumed to be possession of landlord.—Whenever the relation of landlord and tenant shall have existed, the possession of the tenant shall be deemed the possession of the landlord, until the expiration of twenty years from the termination of the tenancy, or, when there has been no written lease, until the expiration of twenty years from the time of the last payment of rent, notwithstanding that such tenant may have acquired another title or may have claimed to hold adversely to his landlord. Such presumptions shall not be made after the periods herein limited." Sec. 28–01–12 N.D.C.C.

Other North Dakota statutes pertinent to this action are the following:

"Actions for recovery or possession of real property.—Limitations.—No action for the recovery of real property or for the possession thereof shall be maintained, unless the plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the premises in question within twenty years before the commencement of such action." Sec. 28–01–04 N.D.C.C.

"Presumption against adverse possession of real estate.—In every action for the recovery of real property or for the possession thereof, the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law, and the occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title, unless it appears that such premises have been held and possessed adversely to such legal title for twenty years before the commencement of such action." Sec. 28–01–07 N.D.C.C.

"Acts constituted adverse possession not based upon a written instrument.—For the purpose of constituting an adverse possession by a person claiming title not founded upon a written instrument nor upon a judgment or decree, land shall be deemed to have been possessed and occupied only in the following cases:

1. When it has been protected by a substantial enclosure; or

2. When it has been usually cultivated or improved." Sec. 28–01–11 N.D. C.C.

■ The fence which defendants had placed between the northeast and southeast quarters along a line they determined to be the boundary was removed in 1957. The fence, then, was in place to effectively establish the boundary line for only fourteen years. The location of the fence prior to its removal can no longer be determined with accuracy. The evidence is disputed that defendants have continued to farm the land only to the former fence line so that the present line between defendants' north-south farming and plaintiff's east-west farming makes the boundary line established by the fence discernible. The evidence lacks the degree of positiveness required to prove adverse possession.

■ In Morgan v. Jenson, 47 N.D. 137, 181 N.W. 89, 90, this court held that the burden of proving adverse possession by clear and convincing evidence is on the person alleging it. We reiterated this rule in Rovenko v. Bokovoy, 77 N.D. 740, 45 N.W.2d 492; Trautman v. Ahlert, N.D., 147 N.W.2d 407, and Tavis v. Higgins, N. D., 157 N.W.2d 718. We find that the defendants have not acquired title by adverse possession to any part of plaintiff's land. They have failed to establish that they have been in adverse possession for a period of twenty years. They have failed in the required proof.

■ The issue of establishment of the boundary line between the northeast quarter and the southeast quarter by acquiescence of the parties was not raised or considered in the trial court. It cannot be raised for the first time on appeal. This rule is elementary.

Remmick v. Mills, 165 N.W.2d 61 (N.D. 1969).

■ If it may be argued that the issues of acquiescence and adverse possession are so nearly identical that the consideration of either issue in the lower court should permit the other to be raised on appeal, it is our opinion that nothing short of acquiescence for the statutory period required for acquisition of title by adverse possession will establish a boundary line by acquiescence.

Bichler v. Ternes, 63 N.D. 295, 248 N.W. 185.

Bernier v. Preckel, 60 N.D. 549, 236 N.W. 243.

Section 11–20–07 N.D.C.C. provides for the manner in which surveys must be made.

"Forms of surveys.—All surveys made by the county surveyor must be made in accordance with the rules and regulations laid down by the commissioner of the United States general land office and in accordance with the following principles, when applicable:

1. All corners and boundaries which can be identified by the original field notes or other unquestionable testimony shall be regarded as the original corners and must not be changed while they can be so identified. The surveyor shall not give undue weight to partial and doubtful evidence or to appearances of monuments the recognition of which requires the presumption of marked errors in the original survey, and he shall note an exact description of such apparent monuments;

2. Extinct intersection corners must be re-established at proportional distances as recorded in the original field notes from the nearest known points in the original section line, east and west and north and south from such extinct section corners;

3. Any extinct quarter section corner, except on fractural section lines, must be re-established equidistant and in a right line between the section corners, and in all other cases, at proportional distances between the nearest known points in the original lines;

4. Central quarter corners of whole sections, and of fractional sections adjoining the north and west boundaries of townships, must be re-established at the intersection of two right lines connecting their opposite quarter section corners, respectively. County surveyors shall perpetuate the original corners from which they may work by noting new bearing trees when timber is near. They also shall perpetuate the principal corners which they make in like manner;

5. In the subdivision of fractional sections bounded on any side by a meandered lake or river or the boundary of a reservation or irregular survey, the subdivision lines running toward and closing upon the same shall be run at courses in all points intermediate and equidistant, as near as may be, between the like section lines established by the original survey."

■ The judgment from which defendants have appealed does not direct that the survey be made in accordance with Sec. 11–20–07 N.D.C.C. A reading of the trial judge's memorandum opinion and conclusions of law indicates that the survey is to be made in a manner at variance with the statute. We find that defendants are entitled to have the boundary determined by a survey made in accordance with Sec. 11–20–07 N.D.C.C.

Nystrom v. Lee, 16 N.D. 561, 114 N.W. 478.

■ The record indicates that the expense of such a survey may be considerable. As both parties to this action are seeking basically to settle a boundary dispute they should share equally in the cost of the survey to be made in the manner directed by statute.

20 Am.Jur.2d Costs, Sec. 16.

Thus, the judgment of the trial court must be modified to the extent that the boundary between plaintiff's and defendants' coterminous lands shall be established by a survey made by a registered land surveyor designated by the district court in accordance with Sec. 11–20–07 N.D.C.C., and the parties shall share equally in the cost of such survey. As modified the judgment is affirmed. As both sides prevailed in part costs are not allowed to either party in the Supreme Court.

TEIGEN, C. J., and STRUTZ, ERICKSTAD and PAULSON, JJ., concur.

KNUDSON, J., deeming himself disqualified did not participate; Honorable Eugene Coyne, Judge of the Fifth Judicial District, sitting in his stead.