Logan WARD, Hazel Ward, Michael Ward, David Ward and Lucinda Ward, Plaintiffs, Appellants and Cross-Appellees,

v.

George E. SHIPP, Pearl A. Shipp, Defendants, Appellees and Cross-Appellants,

Albert Dauenhauer and Elaine Dauenhauer, Defendants and Appellees.

Civ. No. 10381.

Supreme Court of North Dakota.

Oct. 31, 1983.

As Corrected Nov. 9, 1983.

Eaton, Van de Streek & Ward, Minot, for plaintiffs, appellants and cross-appellees; argued by Michael Ward, Minot.

Bair, Brown & Kautzmann, Mandan, for defendants, appellees and cross-appellants George E. and Pearl A. Shipp; argued by Malcolm H. Brown, Mandan.

Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for defendants and appellees Albert and Elaine Dauenhauer; appearance by Patrick A. Conmy, Bismarck.

PEDERSON, Justice.

The Wards appeal from a judgment dismissing their action seeking to quiet title to a tract of real estate, quieting title instead in the Shipps; and from an order denying their motion to amend the judgment. The Shipps have cross-appealed. We reverse and remand.

The Ward and Shipp families have owned adjacent tracts of farmland north of Bismarck for many years. Over 40 years ago, the families built a wire fence to separate their properties. The Wards farmed the land on the east side of the fence until 1980. In 1980, George Shipp had his land surveyed in contemplation of a sale of his land to the Dauenhauers. The survey established the true quarter line to be, at varying points, 45 to 70 feet east of the old fence line. Shipp subsequently removed the old fence and built a new fence on the true quarter line.

The Wards brought this action to quiet title to the narrow strip of land between the old fence line and the new fence. The trial court concluded that the Wards had established ownership of the narrow strip by a boundary line agreement, but held that they had failed to adequately describe the

property to allow the court to quiet title. The court then quieted title in the Shipps.

■ The Wards contend that the property was sufficiently described, that the court erred in refusing to allow additional time for the arrival of a witness, and that the court erred in quieting title in the Shipps. The Shipps contend[1] that the court erred in finding that the Wards had established ownership of the property based on a boundary line agreement (the doctrine of acquiescence.)

We will first address the issue raised by the Shipps whether or not the court erred in finding that the Wards had established ownership of the property based on the doctrine of acquiescence. We discussed the doctrine of acquiescence at length in *Production Credit Association of Mandan v. Terra Vallee, Inc.*, 303 N.W.2d 79 (N.D. 1981). We noted that the doctrine of acquiescence evolved from the doctrine of adverse possession:

" 'The doctrine of acquiescence is a supplement to the older and harsher rule of adverse possession which held that adverse intent was the first prerequisite of adverse possession. This meant that in order for the adverse possessor to start the 20-year period running, he must commence his possession with knowledge that the land he was encroaching upon was not his and with an intent to dispossess the true owner. This meant that one who occupied part of his neighbor's land, due to an honest mistake as to the location of his boundary, could never start the statute running because he never formed the requisite adverse intent.

" 'The harsh result of this rule soon became apparent in many jurisdictions and courts began to hold that land could be acquired by adverse possession, even though adverse intent was absent, if the true owner acquiesced in such possession for a period of 20 years.' "

*Id.* at 83–84 [quoting from *Buza v. Wojtalewicz*, 48 Wis.2d 557, 180 N.W.2d 556, 559 (1970) ].

The Shipps contend that the old fence was merely intended to be a barrier between the properties, not a boundary, and that the doctrine of acquiescence therefore has no application. The Shipps point to the following language in *Terra Vallee, supra,* to support their claim:

"An owner of property does not acquiesce in a fence as a boundary merely because he builds the fence upon his own property and not upon the property line. The intent must have been to establish the fence as the boundary, not a mere barrier between the properties."

*Production Credit Association of Mandan v. Terra Vallee, supra,* 303 N.W.2d at 85 (citations omitted).

■ The trial court in the instant case found as fact that the fence, when erected in 1941, was intended by the Wards and the Shipps' predecessor owner[2] to be the boundary between the properties, not merely a barrier. There is sufficient evidence in the record to support this finding and accordingly it is not clearly erroneous. Rule 52(a), N.D.R.Civ.P.

■ There is also ample evidence that the Shipps acquiesced in the old fence as the boundary for a period of nearly forty years. At no time prior to 1980 did the Shipps protest the use of the land by the Wards. Acquiescence may be found from a party's silence, or inferred from his conduct. *Production Credit Association of Mandan v. Terra Vallee, supra,* 303 N.W.2d at 86; *Bernier v. Preckel*, 60 N.D. 549, 236 N.W. 243, 247 (1931). Thus, the court did not err in

---

1. Although the Shipps have filed a cross-appeal, we note that the judgment below quieted title in them. We have previously held that an appellee for whom a favorable judgment was entered by the trial court may, on appeal and without a cross-appeal, attempt to save the judgment by urging any ground asserted in the trial court. *Tkach v. American Sportsman, Inc.*, 316 N.W.2d 785, 787 (N.D.1982). It is therefore unnecessary to file a cross-appeal when the judgment below is entirely favorable to the appellee.

2. At the time the fence was constructed, the property was owned by Arthur Shipp, George Shipp's brother.

concluding that the Wards had established ownership of the narrow strip in dispute based on the doctrine of acquiescence.

We will next consider the issues raised by the Wards. The Wards first contend that the court erred in concluding that the property was insufficiently described. The amended complaint describes the property as follows:

"East Half of Section 11, Township 139 North, Range 81, West; and any portion of the following property that is to the east of the fence line which had existed for a number of years prior to the new fence which was recently constructed about 60 feet East of the old fence line which marked the boundary between the above described property and the following:"

Section 32–17–04, N.D.C.C., requires that in an action to quiet title "the property must be described in the complaint with such certainty as to enable an officer upon execution to identify it." The Shipps did not challenge the sufficiency of the complaint by pre-trial motion. Under our liberal rules of pleading, the Wards could have moved to amend their complaint to more adequately describe the property in light of the evidence adduced at trial. The difficulty in that, however, is that the Wards failed to produce evidence at trial to sufficiently identify the disputed property.

■ We are thus presented not with a defect in *pleading,* but rather with a failure of *proof.* The Wards never had the narrow strip of land surveyed, and the only evidence presented at trial as to the dimensions of the disputed strip were conflicting estimates by plaintiffs' witnesses. A reference to the "old fence line" is insufficient, without more, to adequately describe the property. *See Odegaard v. Craig,* 171 N.W.2d 133, 136 (N.D.1969). Under these circumstances, we agree that the Wards failed to prove the dimensions of the strip of land in dispute.

As the trial progressed, it became apparent to Wards' counsel that the court was concerned about the lack of evidence of the exact description of the strip of land in dispute. Counsel therefore sent David Ward, one of the plaintiffs, out to obtain the measurements. The testimony concluded, and David Ward had not yet returned. The trial court granted a fifteen minute recess, and when David Ward had still not returned, the court refused to allow any further delay and the trial concluded.

The trial court's memorandum opinion ordering dismissal of the Wards' action cites the failure of proof of the exact dimensions of the land as the sole ground for dismissing the action. After judgment had been entered, the Wards moved for a reopening of the case so that additional evidence of the dimensions of the land could be offered. The trial court denied the motion.

■ The trial court is allowed great latitude and discretion in conducting the trial and, except for an abuse of that discretion, his conduct of the trial will not be grounds for reversal. The trial judge is the one who determines how the trial should be conducted. *State v. Dachtler,* 318 N.W.2d 769, 773 (N.D.1982); *Haugen v. Mid-State Aviation, Inc.,* 144 N.W.2d 692, 696 (N.D. 1966). It was within the trial court's discretion to allow additional time for arrival of the witness. Similarly, the granting or denial of the motion to reopen for further testimony was within the trial court's discretion. *Foerster v. Fischbach-Moore, Inc.,* 178 N.W.2d 258, 264 (N.D.1970); *Kuntz v. Stelmachuk,* 136 N.W.2d 810, 818 (N.D. 1965); *Liberty National Bank of Dickinson v. Daly,* 96 N.W.2d 897, 899 (N.D.1959); *Charon v. Windingland,* 72 N.D. 70, 4 N.W.2d 645, 649 (1942); *Minneapolis Threshing Machine Co. v. Huncovsky,* 52 N.D. 112, 202 N.W. 280, 282 (1924).

■ A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Moser v. Wilhelm,* 300 N.W.2d 840, 847 (N.D.1980); *Wall v. Pennsylvania Life Insurance Co.,* 274 N.W.2d 208, 218 (N.D.1979). Although we do not condone counsel's lack of preparation, we conclude that the trial court acted in an unreasonable manner when it refused to continue the trial until the Wards' wit-

ness arrived with more definite measurements of the land in question.

■ We are mindful of the necessity of the trial court having complete control over the proceedings before it, and of the broad discretion placed in the trial court in conducting such proceedings, but this discretion must be exercised in a manner which best comports with substantial justice. The court must balance judicial economy and convenience with the parties' right to present all of the evidence on all of the relevant issues. Trial courts should not arbitrarily disallow testimony that is critical to the case, particularly when the only objection is a slight inconvenience to the court or to other parties.

We were presented with a somewhat similar issue in *State v. Knoefler*, 325 N.W.2d 192 (N.D.1982). In *Knoefler*, the appellant alleged that the trial court had abused its discretion in denying a motion for a continuance to allow the appellant to secure an expert witness. We stated that in resolving this issue we would take into account what testimony the witness would have given and what effect, if any, such testimony would have had on the outcome of the case. *Id.* at 195.

As the ultimate decision of the trial court in the instant case bears out, the testimony which would have been presented by David Ward would have been critical to the disposition of the case. There was no real dispute as to the location of the old fence line; the corner post of the south end of the old fence was still standing at the time of trial. The only difficulty was the lack of exact dimensions.

■ We believe the trial court acted unreasonably in refusing to allow additional time for the arrival of David Ward with the exact dimensions of the tract. We note that it was still the middle of the afternoon when the court adjourned, and the court did not render its memorandum opinion until three months after the completion of the

trial. Any inconvenience which may have been caused by waiting for the arrival of the witness was clearly outweighed by the interest of justice in a complete presentation of the facts. A trial is a search for truth. *State v. Johnson*, 231 N.W.2d 180, 187 (N.D.1975).

■ We have also taken into consideration the inequitable result of the court's failure to allow the additional testimony. An action to quiet title, although statutory, is essentially equitable. *Dixon v. Kaufman*, 79 N.D. 633, 58 N.W.2d 797, 802 (1953). Equity can not condone the result reached by the trial court in this case.

We reverse and remand for an evidentiary hearing on the issue of the exact description of the land in question.

ERICKSTAD, C.J., VANDEWALLE and SAND, JJ., and PAULSON, Surrogate Justice,* concur.

---

* Justice Wm. L. Paulson served as a Surrogate Judge for this case pursuant to Section 27–17– 03, N.D.C.C.