Daniel R. Northrop, Plaintiff,

Kay M. Boerst and Peter S. Boerst,
Plaintiffs-Appellants,†

v.

Betty Opperman, Connie Henn, Floyd Opperman,
Keith Opperman, Mark Henn and
Pamela Opperman, Defendants-Respondents.

Court of Appeals

*No. 2009AP1559. Submitted on briefs February 16, 2010.
—Decided May 11, 2010.*

2010 WI App 80

(Also reported in 784 N.W.2d 736.)

† Petition For Review granted 9/14/10.

445

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Vicki Zick* of *Zick & Weber Law Offices, LLP*, Johnson Creek.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Joe Thrasher* of *Thrasher, Pelish, Franti & Smith, Ltd.*, Eau Claire.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J. Kay and Peter Boerst appeal a judgment declaring the location of the boundary line between their property and an adjacent property. The Boersts argue the circuit court erred when it determined (1) the parties acquiesced to a different boundary than described in their deeds, and (2) a corner marking the section line between the properties was obliterated. We conclude the circuit court correctly determined the parties acquiesced to the boundary line, but that it erred when it found the section corner was obliterated. We therefore affirm in part, reverse in part, and remand with directions.

## BACKGROUND

¶ 2. The Boersts own a parcel of land adjacent to and east of a parcel owned by Floyd and Betty Opperman. The Boersts' parcel is in section nine in the Town of Chippewa and the Oppermans' parcel is in section eight. Until 2005, both parties believed Henn Road—running north-south—lay on the boundary line between sections eight and nine. They therefore thought it was the boundary between their properties.

¶ 3. Henn Road continues north beyond these parcels and then curves to the west, continuing as an east-west road. All of the property owners bordering the road apparently believed the point where Henn Road turns was on the corner common to sections four, five, eight, and nine. In 2005, however, a surveyor found a concrete monument northwest of this intersection and informed the county surveyor, David Carlson. Carlson believed the monument was placed following a 1912 survey and marked the true corner common to these sections. He therefore recorded a United States Public Land Survey Monument Record tie sheet establishing the monument's location as the section corner.

¶ 4. Locating the section corner northwest of the Henn Road intersection, however, shifted the boundary line between sections eight and nine west of the road. Accordingly, the Boersts sued, seeking a declaration they owned the land between the new section line and Henn Road, land the parties previously believed belonged to the Oppermans.[1] The Oppermans responded

---

[1] The suit was initiated by Daniel Northrop, who owns the parcel immediately to the north of the Boersts. Northrop sued the owners of the parcel north of the one owned by the Oppermans, owned by Connie Henn, Floyd Opperman and Keith Opperman. Thus, the Boersts and Northrop were co-

that the 1912 survey was inaccurate and that Henn Road actually does lie on the section line. They also argued that even if Henn Road was not on the true section line, all relevant property owners nevertheless treated the road as a boundary line for several decades. For support, they pointed to a 1917 lawsuit concerning Henn Road, in which the parties there stipulated:

> the common corner of sections 4, 5, 8 and 9 in township 41 north, range 1 west, Ashland County, Wisconsin, is at the intersection, or meeting point, of the center line of the highway between sections 8 and 9 as said highway has been used for more than twenty years . . . .

They therefore argued they were entitled to the disputed land under the doctrine of acquiescence.

¶ 5. The circuit court found the road was most likely not on the original section lines. However, it concluded that for nearly a century, the property owners adjacent to Henn Road believed it was and acquiesced to the road as the boundary. In a written decision, the court declared Henn Road is "the boundary line between the property owners in this case."

¶ 6. Following that decision, Daniel Northrop, another party seeking to recover land affected by Carlson's section corner restoration, requested the court determine whether the corner was lost or obliterated. "Lost" and "obliterated" are terms pertaining to how surveyors should ascertain the location of a corner if there is no longer primary evidence of its location. If a corner is lost, the surveyor should relocate it using mathematical models. If it is obliterated, surveyors look

---

plaintiffs at trial. Only the Boersts have appealed and their boundary dispute solely concerns the parcel owned by Floyd and Betty Opperman. This is therefore the only dispute we consider in this appeal.

to secondary evidence—fences or roads, for example—of its location. The Boersts argued this issue was irrelevant to whether the parties acquiesced to the road as the boundary. However, the court ultimately ruled on the matter, concluding "if you're going to treat the line as being acquiesced to, you have to treat the corner as being acquiesced to. And, therefore, the only way to do that is to treat it as obliterated . . . ."

¶ 7. Although the circuit court stated it was not ordering Carlson to modify the recorded location of the corner, it observed that its finding the corner was obliterated "probably means [the Henn Road intersection is] the section corner." Accordingly, the court issued a final judgment declaring Henn Road the boundary line both between the Boersts' and the Oppermans' properties and between sections eight and nine:

> The boundary line between the Southwest Quarter of the Northwest Quarter of Section 9 [owned by the Boersts] and the Southeast Quarter of the Northeast Quarter of Section 8 [owned by the Oppermans] is the centerline of . . . Henn Road.

## DISCUSSION

██

¶ 8. This appeal requires us to determine whether the circuit court (1) properly applied the doctrine of acquiescence, and (2) correctly found the section corner was obliterated. Acquiescence is a supplement to the doctrine of adverse possession. *Buza v. Wojtalewicz*, 48 Wis. 2d 557, 562–63, 180 N.W.2d 556 (1970). We therefore review a circuit court's determination of acquiescence under the same standard we review an adverse possession determination. Under this standard, we defer to the circuit court's findings of fact unless clearly

erroneous. Wis. Stat. § 805.17(2).[2] Whether the facts proven are sufficient to support the circuit court's acquiescence determination, however, is a question of law we review independently. *See Perpignani v. Vonasek*, 139 Wis. 2d 695, 728, 408 N.W.2d 1 (1987).

## 1. Whether the parties acquiesced to the boundary

██

¶ 9. "The doctrine of acquiescence is 'a supplement to the older . . . rule of adverse possession which held that adverse intent was the first prerequisite of adverse possession.'" *Chandelle Enters., LLC v. XLNT Dairy Farm, Inc.*, 2005 WI App 110, ¶ 8, 282 Wis. 2d 806, 699 N.W.2d 241 (quoting *Buza*, 48 Wis. 2d at 562–63). The doctrine of adverse possession permits a person to acquire title to real property if he or she, in connection with predecessors in interest, adversely occupies the land for an uninterrupted period of twenty years. Wis Stat. § 893.25. As noted above, however, adverse possession requires adverse intent, an element not present when property owners are innocently mistaken about property boundaries. As a result, courts have developed the doctrine of acquiescence, which substitutes mutual acquiescence for adverse or hostile intent. *Buza*, 48 Wis. 2d at 563.

¶ 10. The circuit court concluded the doctrine applied here because all of the parties owning land bordering Henn Road mistakenly believed it to be the property boundary for several decades and used the land accordingly. The court found that "for almost all of

---

[2] References to the Wisconsin Statutes are to the 2007–08 version.

the twentieth century and up until the year 2005, Henn Road was considered to be located mostly on the section lines between sections 4, 5, 8 and 9. Furthermore, almost a century has passed without any further legal disputes arising regarding the location of the section lines pertaining to this location."

■

¶ 11. The Boersts do not argue this finding is clearly erroneous. Instead, they simply contend the doctrine of acquiescence is inapplicable because it only applies to boundary disputes arising from ambiguous deeds. The Boersts are mistaken.

■ ■

¶ 12. The Boersts cite *Buza*, 48 Wis. 2d at 566, in arguing the doctrine of acquiescence applies only to ambiguous deeds. That is not what *Buza* holds. Rather, the portion of the case the Boersts rely on discusses an exception to the requirement land be occupied for the statutory period. This exception permits a boundary to be established by acquiescence in less time than the statutory period if the parties received their parcels from a common grantor. In that situation, a line established by the grantor—a fence, for example—is dispositive of the boundary. *Id.* at 565. However, if the deed description of the boundary is unambiguous, the parties are free to claim the true line if the statutory period has not run. *Id.* at 566. However *Buza* does not hold, as the Boersts claim it does, that an unambiguous deed trumps mistaken boundary lines *after* the statutory period.[3] We therefore conclude the circuit court prop-

---

[3] The Boersts also cite to *Chandelle Enterprises, LLC v. XLNT Dairy Farm, Inc.*, 2005 WI App 110, 282 Wis. 2d 806, 699 N.W.2d 241. The Boersts' reliance on this case is flawed for the

erly determined Henn Road was the boundary between the Boersts' and the Oppermans' parcels.

## 2. Whether the section corner was obliterated

¶ 13. The Boersts argue the circuit court erred when it concluded the section corner was obliterated. We agree.

¶ 14. The circuit court concluded it had to treat the section corner as obliterated because the parties acquiesced to the road as the boundary. But whether a section corner has been obliterated does not depend on whether neighboring property owners acquiesced to a boundary. Acquiescence pertains to property lines vis-à–vis neighboring property owners. Acquiescence to a property boundary, however, cannot alter the location of a section corner on a government survey. *See, e.g.,* WIS. STAT. § 893.24 ("A written judgment or instrument that declares the boundaries of real estate adversely possessed . . . does not affect any section line or any section subdivision line established by the United States public land survey or any section or subdivision line based upon it.").

¶ 15. Thus, the circuit court's obliteration finding conflates the location of section lines with property lines. As a result, its final judgment states:

> The boundary line between the Southwest Quarter of the Northwest Quarter of *Section* 9 [owned by the Boersts] and the Southeast Quarter of the Northeast Quarter of *Section* 8 [owned by the Oppermans] is the centerline of . . . Henn Road. (Emphasis added.)

same reason that their reliance on *Buza v. Wojtalewicz,* 48 Wis. 2d 557, 180 N.W.2d 556 (1970) is flawed.

This appears to suggest the Boersts' and the Oppermans' property boundary and the boundary between sections eight and nine are one in the same. Such a conclusion would be at odds with the court's conclusion the road is the boundary because the relevant property owners acquiesced to it, not because it lies on the true section line. We therefore reverse that part of the judgment suggesting Henn Road is the section boundary, and remand for the circuit court to enter judgment declaring the road is the property boundary.

*By the Court.*—Judgment affirmed in part; reversed in part, and cause remanded with directions.